## CIRCUIT COURT OF THE CITY OF RICHMOND

William R. Chowning

v.

Time Insurance Co.

January 26, 1982

Case No. LE-832

By JUDGE WILLARD I. WALKER

To simplify this matter, I am not going to set forth the facts contained in the stipulations that the parties signed and the narrative statement of the only witness in the case, Mr. Yesbeck.

I find no ambiguity in the policy itself as suggested by plaintiff arising from the fact that the company set forth in a definition of injury and sickness the fifteen-day limitation period on illness coverage and did not repeat that in the policy language dealing with mental illness which was covered by a specific rider to the policy. The fact of the matter is, this policy was designed to cover injury and sickness. Problems of mental illness are as much a sickness as anything else, and certainly would have been governed by the fifteen-day limitation period contained on page 5 of the policy under the heading Injury and Illness. Inasmuch as this mental illness or mental problem arose the very day after the issuance of the policy and the fifteen-day limitation period was not observed, then under the terms of the policy itself, this illness would not have been covered.

However, I find this case is controlled by Virginia Code § 38.1-327.2, which reads as follows:

A person who is authorized by any company to solicit insurance or applications therefor shall, in any controversy between the insured

or his beneficiary and the company, be held to be the agent of the company which issued the insurance listed or applied for, anything in the application or policy to the contrary notwithstanding.

The undisputed evidence in this case is that Mr. Yesbeck was a general agent who was authorized by Time Insurance Company, the defendant herein, both to solicit and to take applications for insurance policies. Mr. Yesbeck, operating on that authorization, accepted a partial premium and bound the company, or attempted to bind the company, to coverage effective January 15, 1980, on the assumption that the company would in fact issue the policy effective that date. The company did issue the policy effective that date, but undertook to place a fifteen-day limitation on sickness; that is, the policy would not cover any sickness that arose within fifteen days after the issuance date. However, the agent, Mr. Yesbeck, clearly informed the insured, Chowning, that he was covered for sickness or illness from the day he paid his premium and the policy took effect, which was January 15, 1980. This action on the part of Mr. Yesbeck, the agent, by virtue of the statute above quoted, bound the company to that coverage, notwithstanding the terms of the policy, and for that reason the plaintiff is entitled to recover pursuant to the amount set forth in the stipulation.